**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ETHAN MOYER, <br><br> Plaintiff, <br><br> v. <br><br> PENN STATE HEALTH – LANCASTER MEDICAL CENTER, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.: 5:26-cv-5139

**Jury Trial Demanded**

## COMPLAINT

Plaintiff Ethan Moyer, by and through undersigned counsel, brings this action against Defendant Penn State Health Lancaster Medical Center and alleges as follows:

### INTRODUCTION

1. This is an action for unlawful interference with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), retaliation for exercising rights protected by the FMLA, disability associational discrimination under the Americans with Disabilities Act ("ADA"), and disability associational discrimination and retaliation.

2. Plaintiff was a successful Clinical Registered Nurse II whose employment was terminated within days after requesting intermittent leave to care for his

1

spouse, who suffers from a chronic neurological condition requiring ongoing assistance and supervision.

3. Defendant counted absences related to Plaintiff's need to care for his spouse against him under its attendance policy, disciplined Plaintiff for those absences, and terminated his employment while his FMLA certification remained under review.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff asserts claims arising under the FMLA and ADA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 to the extend he pleads them.

6. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 because the events giving rise to these claims occurred within this judicial district.

## PARTIES

7. Plaintiff Ethan Moyer is an adult individual residing in Red Lion, Pennsylvania.

8. Defendant Penn State Health Lancaster Medical Center is a Pennsylvania employer doing business within this judicial district at 2160 State Road, Lancaster, PA 17601.

9. At all relevant times, Defendant employed well in excess of the statutory minimum number of employees required for liability under the ADA (20) and FMLA (50).

## ADMINISTRATIVE EXHAUSTION

10. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission docketed as 530-2026-05921.

11. Plaintiff received a Notice of Right to Sue from the EEOC on May 11, 2026 see attached as **Exhibit A**.

12. This action is timely filed following receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff began employment with Defendant on or about November 18, 2024, as a Clinical Registered Nurse II.

14. Plaintiff earned approximately $94,536 annually and received employment benefits.

15. Throughout his employment, Plaintiff consistently met Defendant's legitimate performance expectations.

16. Defendant never informed Plaintiff that his work performance was deficient.

17. Plaintiff's spouse suffers from a chronic neurological condition that periodically renders her unable to safely perform activities of daily living without assistance. As her physical condition deteriorated, the Plaintiff's spouse also experienced significant mental and emotional symptoms arising from and exacerbated by her medical condition, including anxiety, emotional distress, sleep disturbance, and difficulty concentrating. Together, her physical and mental impairments substantially limited one or more major life activities, including walking, standing, lifting, sleeping, concentrating, and performing manual tasks. The Defendant was aware of these limitations and their impact on the Plaintiff's ability to perform her job and nevertheless failed to provide reasonable accommodations

18. During flare-ups, Plaintiff's spouse requires assistance with mobility, personal care, medication management, transportation, supervision, childcare responsibilities, and household functions.

19. Defendant was aware of Plaintiff's spouse's medical condition and Plaintiff's need to provide intermittent care.

4

20. On or about February 26, 2026, Plaintiff notified Defendant that he required intermittent leave to care for his spouse and initiated a request for FMLA leave.

21. Plaintiff reported qualifying absences through Defendant's required reporting procedures.

22. Defendant's managers and supervisors were aware that Plaintiff's absences related to his spouse's serious health condition.

23. Defendant expressed frustration regarding Plaintiff's absences and the impact those absences allegedly had upon staffing.

24. Defendant subjected Plaintiff to attendance-related discipline while his request for protected leave remained pending.

25. On or about February 28, 2026, Defendant denied one FMLA-related absence based upon an alleged technical reporting issue.

26. Plaintiff submitted medical certification supporting his request for intermittent leave.

27. The certification was initially rejected because of a clerical issue.

28. The clerical issue was corrected, and the certification was subsequently accepted.

29. Defendant nevertheless counted qualifying absences against Plaintiff under its attendance policy.

5

30. Defendant failed to exclude protected absences from attendance calculations used for disciplinary purposes.

31. On or about March 3, 2026, Defendant terminated Plaintiff's employment.

32. The termination decision was made by Defendant's management personnel, including Matt Stillman and Kristin Jens.

33. Defendant informed Plaintiff that his termination was based solely upon attendance.

34. Defendant expressly acknowledged that Plaintiff's job performance was not the reason for termination.

35. Plaintiff's termination occurred only days after he requested intermittent FMLA leave.

36. Defendant later recognized certain absences as qualifying FMLA leave.

37. Despite doing so, Defendant relied upon the same absences, or substantially related absences, to justify Plaintiff's termination.

38. Defendant treated Plaintiff less favorably because of his association with an individual whom Defendant knew to have a disability.

39. As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, embarrassment, and other damages.

## COUNT I
## FMLA INTERFERENCE

40. Plaintiff incorporates Paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff was an eligible employee under the FMLA.

42. Defendant was a covered employer under the FMLA.

43. Plaintiff's spouse suffered from a serious health condition within the meaning of the FMLA.

44. Plaintiff was entitled to intermittent FMLA leave to care for his spouse.

45. Defendant interfered with Plaintiff's exercise and attempted exercise of FMLA rights by counting qualifying leave against him, disciplining him for protected absences, and terminating him before properly processing his leave request.

46. Plaintiff suffered damages as a direct result.

## COUNT II
## FMLA RETALIATION

47. Plaintiff incorporates Paragraphs 1 through 46.

48. Plaintiff engaged in protected activity by requesting and utilizing FMLA leave.

49. Defendant subjected Plaintiff to adverse employment actions, including discipline and termination.

50. The temporal proximity between Plaintiff's request for leave and termination supports an inference of retaliatory motive.

51. Defendant's stated reasons for termination were pretextual.

52. Defendant retaliated against Plaintiff for exercising rights protected by the FMLA.

## COUNT III
## ADA ASSOCIATIONAL DISCRIMINATION

53. Plaintiff incorporates Paragraphs 1 through 52.

54. Plaintiff was qualified to perform the essential functions of his position.

55. Defendant knew Plaintiff was associated with an individual with a disability.

56. Defendant took adverse employment action against Plaintiff because of that association.

57. Defendant acted upon unfounded concerns regarding attendance and future caregiving obligations associated with Plaintiff's spouse's disability.

58. Defendant violated 42 U.S.C. §12112(b)(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and award:

A. Back pay;

B. Front pay or reinstatement;

8

C. Lost employment benefits;

D. Compensatory damages;

E. Liquidated damages under the FMLA;

F. Punitive damages as permitted by law;

G. Attorneys' fees, costs, and expenses;

H. Prejudgment and post-judgment interest; and

I. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands trial by jury on all counts so triable.

DATED this the 23rd day of July 2026.

*By: /s/ Jeremy A. Donham, Esquire*
Jeremy Donham, (206980)
**DONHAM LAW**
714 Venture Drive, Ste. 144
Morgantown, West Virginia 26508
717.881.7855 (Phone)
Email: J.Donham@Donhamlaw.com

9